Manly, J.
 

 We think there was no default of the officer, Buchanan, in respect to the claim in question, whereby he became liable on the bond of 1856. The facts are, that the promisso*-ry note of a woman, under coverture at the time of its execution, for §27 50, was placed in the hands of the sheriff’s deputy for collection, 23rd of September, 1857, and that the sheriff went out of office the third week of the following
 
 *95
 
 month. No warrant was sued out for the collection of the demand, but it continued in the hands of the deputy after the expiration of Buchanan’s term, and in 1858, was collected by the deputy, then acting under Buchanan’s successor.
 

 The collection of the money could not have been legally enforced by a warrant at any time, and it was not, therefore, incumbent on the officer, in acquitting himself of his duties, to sue out a warrant for the purpose.
 

 While we hold in conformity with the case of
 
 Dunbar
 
 v. Doxey, 7 Jones, 222, that if the money had been paid within the official term of Buchanan, his sureties would have been liable, we think it very clear, as it was not paid, and the officer had no power to coerce its payment, that there has been no official negligence or breach of official duty, whereby his sureties may be subjected to the payment of the debt, or any part of it.
 

 The instruction of the Court, therefore, on this point, was erroneous, and should have been that, as there had been no breach of the conditions of the bond, in suit, the relator could not recover upon it. This was settled in the case of
 
 Keck
 
 v.
 
 Coble,
 
 2 Dev. 49, and has been often reaffirmed since ; as in the cases of
 
 Miller
 
 v. Davis, 7 Ired. 198;
 
 Ringold
 
 v.
 
 McGowan,
 
 12 Ired. 44.
 

 In the view above taken, we have assumed the validity of the bond. The objections to its proper execution have been already met in the case of
 
 McLean
 
 v. Buchanan, 8 Jones, 445. Its sufficiency was there questioned ripon the ground now alleged, duly considered by the Court and affirmed. That case disposes of this point.
 

 It may be proper to state, that this case was not known to the counsel taking the exception, because not published at the time. There should be a
 
 venire de novo.
 

 ' Per OuriaM, Judgment reversed.